**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Charissma Moore, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:25-6526-RMG |
| v. | ) | |
| | ) | |
| Frank Bisignano, Commissioner of Social | ) | |
| Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On June 12, 2026, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending that the Commissioner's decision be reversed and remanded for further proceedings. No party filed objections to the R & R. For the reasons set forth below, the Court reverses the decision of the Commissioner and remands the matter to the agency for further administrative processing consistent with this Order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

### Discussion

Plaintiff was nearly 44 years of age when she submitted her present application for DIB on June 28, 2022. Thereafter, on June 3, 2024, an administrative hearing was conducted by an Administrative Law Judge ("ALJ"). The ALJ found that Plaintiff suffered from multiple severe impairments, including a seizure disorder, migraine headaches, status post residuals of cerebral venous sinus thrombosis ("CVST"), anxiety, and obesity. (Dkt. No. 4-2 at 45). Despite these multiple severe impairments, and the daily administration of multiple prescription medications to

mitigate Plaintiff's chronic severe pain and seizure disorder, the ALJ found that Plaintiff retained the residual function capacity to perform less than the full scope of light work. (*Id*. at 48).

Plaintiff testified at the administrative hearing that she is mostly confined to her room and has her family members and former fiancé assist with food, laundry, and other basic needs. (*Id*. at 72). She reported she no longer drives and cannot sufficiently walk down a grocery store aisle. (*Id*. at 73, 85). She stated that she continues to suffer from left sided weakness because of her CVST and has significant issues with balance. (*Id*. at 87, 88). Plaintiff told the ALJ that her migraines and seizures have worsened in recent years. (*Id*. at 76). She testified that she has a seizure about once a week and is usually unable to regain normal function until about 24 hours after the episode, although she stated that "I've had two or three days where I've been out." (*Id*. at 78). When the ALJ questioned Plaintiff about why she did not do her own laundry, she responded "if you lived my life you'd understand . . . ." (*Id*. at 87).

The ALJ asked the Vocational Expert whether there would be jobs in the national marketplace for a person with the ability to perform light work with limitations on bending, climbing stairs, and other similar limitations. The Vocational Expert identified potential positions within the criteria set by the ALJ. Under further questioning, the Vocational Expert testified that there would be no available jobs in the national marketplace if a claimant was absent more than one day per month or was off task 10% or more in a workday. (*Id*. at 95).

The Magistrate Judge recommended the reversal of the ALJ's decision and remand to the Agency for further proceedings. The Magistrate Judge found significant deficiencies in the ALJ's treatment of Plaintiff's subjective symptoms. The Magistrate Judge also found the ALJ's explanation on how Plaintiff could meet the Vocational Expert's limitations on absenteeism (one day per month) inadequate because Plaintiff reported weekly migraine headaches and seizures. The Magistrate Judge

3

further noted that she could not determine whether the ALJ had considered the combination of Plaintiff's multiple severe impairments in evaluating Plaintiff's ability to sustain full-time employment. (Dkt. No. 14 at 17–19).[1]

The Court fully agrees with the Magistrate Judge's R & R.  In fact, the ALJ's decision appears to be another example of the Agency failing to respect the Fourth Circuit's decisions in *Arakas v. Commissioner, Social Security Administration*, 983 F.3d 83, 95–99 (4th Cir. 2020) and *Shelly C. v. Commissioner of Social Security Administration*, 61 F.4th 341, 360–64 (4th Cir. 2023). In *Arakas*, the Fourth Circuit noted that it had "battled" the Social Security Administration "for many years over how to evaluate a disability claimant's subjective complaints of pain."  983 F.3d at 95. This disagreement stems from the Agency's attempt to require objective evidence to support a claimant's claim at Step Two of the analysis for the evaluation of subjective symptoms.  However, in the Fourth Circuit, the bottom line is that "ALJs may not discredit a claimant's subjective complaints . . . based on a lack of objective evidence substantiating them" at Step Two. *Id*. at 97.

The Commissioner filed no objection to the well-reasoned R & R of the Magistrate Judge, clearly recognizing the significant deficiencies in the ALJ's decision.  On remand, the ALJ needs to carefully evaluate Plaintiff's subjective symptoms under the Fourth Circuit's well-established standards in *Arakas* and *Shelly C*., and the Plaintiff's ability to sustain competitive work when considering the combined effects of Plaintiff's multiple severe impairments.

---

[1]  The Magistrate Judge referenced the ALJ's statement that Plaintiff had experienced as much as 70% improvement in her migraine symptoms from the administration of Botox therapy. The Magistrate Judge noted, however, that even accepting this seemingly optimistic percentage would mean that Plaintiff would still experience many weeks "with little or no pain relief." (Dkt. No. 14 at 17).  The Magistrate Judge wondered how Plaintiff could meet the Vocational Expert's standard of being out of work no more than one day per month due to illness on the weeks she obtained no relief for her migraines from the Botox therapy. (*Id.*).

**Conclusion**

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 14) as the Order of the Court, as further elaborated on in this Order. The decision of the Commissioner is **REVERSED** pursuant to 42 U.S.C. § 405(g).  The Court **REMANDS** the matter to the agency for further processing consistent with this Order.

   **AND IT IS SO ORDERED.**

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 30, 2026